IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDYTHE KAGAN, | ) |
| | ) 02:06-cv-0801-GEB-PAN(JFM) |
| Plaintiff, | ) |
| | ) ORDER[*] |
| v. | ) |
| | ) |
| CONSECO SENIOR HEALTH INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

Defendant moves under Rule 12(b)(6) to dismiss Plaintiff's First Amended Complaint ("Amended Complaint") for failure to state a claim. Plaintiff opposes the motion.

BACKGROUND

On or about October 1, 1986, AIG Life Insurance Company issued to Plaintiff an insurance policy for long-term medical care (the "Policy"). (Am. Compl. ¶ 5.) Defendant subsequently acquired a line of business from AIG Life Insurance Company, and became responsible for all benefits under the Policy. (Id.) After suffering a loss, Plaintiff made a claim for Home Care benefits to Defendant

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

under the Policy on September 30, 2005. (Id. ¶¶ 7-8.) Defendant denied Plaintiff's claim for benefits on February 23, 2006. (Id. ¶ 11.) Based on that denial Plaintiff brought this action against Defendant for breach of contract and breach of the duty of good faith and fair dealing.

## DISCUSSION

When considering a Rule 12(b)(6) motion to dismiss, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Therefore, the plaintiff is given the benefit of every reasonable inference that can be drawn from the well-pled allegations of the complaint. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963). Documents attached to a complaint as exhibits may be considered when deciding a motion to dismiss. Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) rev'd on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "A complaint may be dismissed [under Rule 12(b)(6)] for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Defendant argues that the following provisions in the Policy, which was appended to Plaintiff's original Complaint and referenced as an exhibit in the Amended Complaint, establish Plaintiff

was not entitled to receive any Home Care benefits, and therefore her claims fail as a matter of law.

    BENEFITS. We will pay the following benefits should you incur a covered loss while this Policy is in force. Benefits will be paid at the daily rate shown in the Schedule depending on the type of care received. The payment of benefits for any one Sickness or Injury will be subject to the Elimination Period shown in the Schedule as well as the Maximum Confinement Period. In no event will benefits exceed the Maximum Lifetime Total Benefit as shown in the Schedule. The payment of benefits is also subject to all stated conditions and provisions of this Policy.

    Part 1. Skilled or Intermediate Nursing Care-We will pay the daily skilled or intermediate Nursing Care Benefit if:
A. You are confined in either a Skilled, Intermediate or Custodial Nursing Facility;
B. You are receiving Skilled or Intermediate Nursing Care due to a covered Sickness or injury;
C. The confinement for such care begins while this Policy is in force; and within 30 days after a Hospital confinement due to the same or related Sickness or injury;
D. The hospital confinement lasted for at least 3 consecutive days;
E. The Elimination Period specified in the Schedule is satisfied.

    Part 2. Custodial Nursing Care – We will pay the Custodial Nursing Care Benefit if:
A. You are confined in either a Skilled Intermediate, or Custodial Nursing Facility;
B. You are receiving Custodial Nursing Care due to a covered Sickness or Injury;
C. The confinement for such care begins while this Policy is in force, and follows a covered confinement of at least 14 consecutive days of Skilled or Intermediate Care for the same or related condition; and
D. The confinement for Custodial Nursing Care begins within 30 days after the Skilled or Intermediate Nursing Care confinement for the same or related Sickness or Injury[;]
E. [The] Elimination [P]eriod specified in the Schedule is satisfied.

    Part 3A. Home Care – We will pay the Home Care Benefit shown in the Schedule if you are receiving Custodial Nursing Care as defined in this policy at Home due to a covered Sickness or Injury. The Home Care must begin within 30 days following a covered confinement of at least 30 consecutive days for Skilled, Intermediate or Custodial Nursing Care. We will pay this benefit if:
a. the Home Care begins while this policy is in force;
b. the Home Care is for the same or related Sickness or Injury; and
c. the Home Care is prescribed by a Physician.

Specifically, Defendant contends these provisions establish that Home Care benefits are conditioned on the claimant first having received thirty consecutive days of covered confinement in Skilled, Intermediate, or Custodial Nursing Care.  Defendant further contends hospital confinement of three consecutive days is a prerequisite to covered confinement in Skilled, Intermediate, or Custodial Nursing Care.  Since Plaintiff has not alleged she was confined to the hospital for three consecutive days, Defendant argues, she cannot establish she was entitled to Home Care benefits under the Policy, and Plaintiff's claims therefore fail as a matter of law.  Plaintiff responds by arguing the provisions relied on by Defendant: (1) make the Policy an illusory contract, (2) are illegal under California law, and (3) are ambiguous, and as construed by Defendant, are contrary to the reasonable expectations of Plaintiff.

"An insurance policy is but a contract; and, like all other contracts, it must be construed from the language used; when the terms are plain and unambiguous, it is the duty of courts to hold the parties to such contract."  Farmers Ins. Exch. v. Harmon, 42 Cal. App. 3d 805, 809 (1974).  "The California Supreme Court has established a three-step process for analyzing insurance contracts with the primary aim of giving effect to the mutual intent of the parties.  The first step is to examine the 'clear and explicit' meanings of the terms as used in their 'ordinary and popular sense.' . . .  If (and only if) a term is found to be ambiguous after undertaking the first step of the analysis, the court then proceeds to the second step and resolves the ambiguity 'by looking to the expectations of a reasonable insured.'"  In re K F Dairies, Inc. & Affiliates, 224 F.3d 922, 925-26 (9th Cir. 2000).  Applying these rules of construction supports Defendant's

reading of the Policy and Plaintiff's ineligibility for Home Care benefits.

Under Part 3A of the Policy a claimant may only receive Home Care benefits if the Home Care follows at least thirty days of Skilled, Intermediate, or Custodial Nursing Care covered under the Policy. Under Parts 1 and 2 of the Policy, Skilled, Intermediate, or Custodial Nursing Care is only covered if preceded by a hospital stay of more than three days. Accordingly, Home Care benefits are not available to a claimant who was not confined to the hospital for at least three days before receiving Home Care. This limitation on benefits is unambiguous.

Plaintiff also argues the Policy provisions making a hospital stay a prerequisite to Home Care benefits makes the Policy an illusory contract, since this requirement "renders it virtually impossible for any policyholder to qualify for benefits." (Reply at 1.) "An agreement is illusory and there is no valid contract when one of the parties assumes no obligation." Scottsdale Ins. Co. v. Essex Ins. Co., 98 Cal. App. 4th 86, 95 (2002). Here Defendant assumed the obligation to pay benefits to Plaintiff, if Plaintiff satisfied certain conditions for eligibility. The three-day hospital stay requirement is a condition of eligibility for Home Care benefits. This condition does not render the Policy illusory. See id. (upholding insurance policy against an illusoriness challenge because it was not impossible to receive benefits under the policy).

Plaintiff also argues the provisions relied on by Defendant in its motion are illegal under California law. However, the sections of the Insurance Code on which Plaintiff relies only apply to policies "delivered or issued on or after January 1, 1990." Cal. Ins. Code §

10232.5; <u>and see</u> Cal. Ins. Code § 10232.8 (applying only to policies "approved or issued" after 1997). Plaintiff's Complaint states the policy was issued on or about October 1, 1986. (Am. Compl. ¶ 5.) Therefore, Plaintiff has not shown the Insurance Code sections on which she relies are applicable and render the challenged Policy provisions illegal under California law.

## CONCLUSION

Since unambiguous provisions of the Policy establish Plaintiff was not entitled to Home Care benefits, her claim for breach of contract fails as a matter of law. Further, since Plaintiff's breach of contract claim fails as a matter of law, Plaintiff's claim for breach of the duty of good faith and fair dealing also fails as a matter of law. See <u>Guebara v. Allstate Ins. Co.</u>, 237 F.3d 987, 992 (9th Cir. 2001) (stating to succeed on a claim for breach of the duty of good faith and fair dealing the plaintiff must show that benefits due under the policy were withheld). Accordingly, Defendant's motion to dismiss Plaintiff's First Amended Complaint is granted.

If Plaintiff opines an identified deficiency can be cured, Plaintiff is granted leave to file a Second Amended Complaint within fifteen days of the date on which this Order is filed.

IT IS SO ORDERED.

Dated: August 8, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge